UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUELINE PEARMAN, | § § § | |
| Plaintiff, | § § | Civ. No. 4:10-cv-03624 |
| V. | § § | |
| FLUOR ENTERPRISES, INC., | § § | |
| Defendant. | § § § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Notice Regarding Settlement and Request for Fees and Costs. (Doc. No. 31.) On April 5, 2012, this Court granted Defendant's Motion to Enforce the Settlement Agreement ("Order"). (Doc. No. 30.) In its Order, the Court required Plaintiff to pay Defendant's costs and fees incurred in connection with the filing of the Motion. Defendant now requests a total of $2,808 in attorneys' fees, totaling 7.2 hours of work. (Doc. No. 32-1.)

The Court is compelled to *sua sponte* reconsider the portion of its prior Order granting attorneys' fees. "District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47-48, 63 S.Ct. 1393, 1414-18, 87 L.Ed. 1731 (1943)). "A district court may modify, or even rescind, such interlocutory orders." *Id.* (citing *Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88, 42 S.Ct. 196, 198, 66 L.Ed. 475 (1922)). See also *Cusamano v. Sobek*, 604 F.Supp.2d 416, 435 (N.D.N.Y. 2009) ("[T]he Court possesses

the inherent authority to *sua sponte* reconsider its own orders before they become final (absent some rule or statute to the contrary)."); *Qualcomm Inc. v. Broadcom Corp.*, No. 05cv1958-B (BLM), 2008 WL 2705161, at *1 (S.D. Cal. July 7, 2008) (explaining the Court's "inherent authority to reconsider its own orders before they become final" (citation omitted)); *F.T.C. v. QT, Inc.*, 249 F.R.D. 305, 312 (N.D. Ill. 2008) ("This Court has the 'inherent power to reconsider rulings until a final judgment is entered.'" (quoting *In re Chetto*, 282 B.R. 215, 216 (Bankr. N.D. Ill. 2002))); *U.S. v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) ("The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." (citation omitted)). Given that the underlying Settlement Agreement only provides for a total of approximately $5,000 (including attorneys' fees), the Court concludes that awarding attorneys' fees to Defendant would be inappropriate. Therefore, the Court denies Defendant's prior request for attorneys' fees.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 25th day of May, 2012.

_____
KEITH P. ELLISON
US DISTRICT COURT JUDGE